# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**DARIAN TOWNES,**

    Plaintiff,

v.

**HEATHER DAVIS, et al.,**

    Defendants.

Civil Action No. 7:23-CV-62 (HL)

## ORDER

Before the Court is Plaintiff Darian Townes' Motion for Reconsideration. (Doc. 18). On August 31, 2023, United States Magistrate Judge Thomas Q. Langstaff recommended dismissing Plaintiff's Complaint without prejudice for failure to state a claim. (Doc. 11). Judge Langstaff concluded, in part, that Plaintiff's claims were barred by the two-year statute of limitations applicable in cases filed pursuant to 42 U.S.C. § 1983. Judge Langstaff found that to the extent Plaintiff's claims were not time barred, Plaintiff nevertheless failed to state a claim for a denial of due process as Plaintiff has no liberty interest in being placed into a work release program or in his classification within the prison system. Plaintiff's Compliant also failed to include specific allegations of allegedly unlawful conduct by any of the named Defendants.

Plaintiff objected to the Recommendation. (Doc. 12). After conducting a de novo review of those portions of the Recommendation to which Plaintiff objected,

the Court adopted the Recommendation and dismissed Plaintiff's Complaint without prejudice. (Doc. 15). Plaintiff seeks reconsideration of that decision.

Local Rule 7.6 warns litigants that "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. A motion for reconsideration is appropriate when the moving party can show: "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Bryant v. Carter, No. 5:09-CV-281 (HL), 2010 WL 2640600, at *1 (M.D. Ga. June 29, 2010) (quoting Pennamon v. United Bank, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009)). "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Wallace v. Ga. Dep't of Trans., No. 7:04-CV-78 (HL), 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006) (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d. 1337, 1340 (M.D. Fla. 2003)).

Plaintiff states that he "has submitted . . . all evidence to the best of his ability and knowledge" and that "[a]ll grounds submitted . . . are supported according to the available material in [the] prison[']s library." (Doc. 18, p. 1).

Plaintiff has not otherwise pointed to any error in law or fact committed by the Court which would support revision of the Court's prior decision. Finding no basis to grant Plaintiff the relief requested, the Court **DENIES** Plaintiff's motion for reconsideration.

**SO ORDERED**, this 14th day of November, 2023.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks